**IN UNITED STATES DISTRICT COURT FOR**
**THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **BRIAN GAUGHAN AND KEVIN GAUGHAN** | ) | |
| | ) | |
| **PLAINTIFFS,** | ) | |
| | ) | **CASE NO.:** |
| | ) | |
| | ) | |
| | ) | |
| **THOMAS E. EGGERS,** | ) | |
| **COLIN O. HEBSON,** | ) | |
| | ) | |
| **DEFENDANTS** | ) | |

## COMPLAINT

Plaintiffs BRIAN GAUGHAN AND KEVIN GAUGHAN (collectively "GAUGHAN"), by and through their attorneys, David C. McLauchlan and the McLauchlan Law Group LLC, for their Complaint against THOMAS E. EGGERS ("EGGERS") and COLIN O. HEBSON ("HEBSON"), (collectively referred to as "Defendants"), allege and state as follows:

## NATURE OF THE ACTION

1. This is an action to recover sums due under written promissory notes signed by the Defendants in connection with certain real estate investment activities of the Defendants individually and collectively. Defendants have failed to repay any sums under these loans, although payment has been demanded, and therefore Plaintiffs seek a recovery of these sums together with interest on the unpaid

balance and attorney fees. Plaintiffs have also charged Defendants with breach of fiduciary duty and with unjust enrichment.

## PARTIES

2. Plaintiff Brian Gaughan is an individual residing in Marin County, California. He is the son of Plaintiff Kevin Gaughan and holds an Assignment from his father with the right to collect on certain promissory notes held by his father from the Defendants.
3. Plaintiff Kevin Gaughan is an individual, the father of Plaintiff Brian Gaughan, a former a resident of Waukesha County, Wisconsin and now resident of Cleveland, Ohio, and the payee under certain promissory notes signed individually and/or collectively by the Defendants as "Makers".
4. Defendant Thomas E Eggers is an individual and former resident of the State of Illinois who now resides in Brevard County, Florida. He is the maker of two promissory notes in favor of Kevin Gaughan as payee.
5. Defendant Colin O. Hebson is an individual, a licensed real estate broker in the State of Illinois and a resident of Cook County, Illinois. Hebson is a Co-Maker, along with Eggers, of a promissory note with Kevin Gaughan as payee.

## JURISDICTION AND VENUE

6. This Court has Diversity Jurisdiction of this case as the parties are all citizens of different states: Plaintiffs are residents of California (Brian Gaughan) and Ohio (Kevin Gaughan) and Defendants are residents of Florida (Eggers) and Illinois

(Hebson) and the amount in controversy exceeds the jurisdictional sum of $75,000.00 exclusive of interests and costs.

7. Venue is proper in this District where Defendant Hebson is a resident and where the promissory notes were entered into with Plaintiffs for the purpose of financing real estate investments located in the Chicago area in Illinois.

8. This Court has personal jurisdiction over the Defendants because they have transacted business in Illinois by entering into various promissory notes and engaging in tortious conduct in Illinois as detailed herein. Personal jurisdiction over the Defendants is vested in this Court pursuant to 735 ILCS 5/2-209.

## GENERAL STATEMENTS AS TO ALL COUNTS

9. On or about May 27, 2016 Brian Gaughan entered into an Assignment Agreement with his father, Kevin, in which Brian was granted certain rights by Kevin and empowered to “collect all sums due” on the promissory notes made by the defendants, individually and/or collectively, as set forth herein.

10. Plaintiff Kevin Gaughan is the payee under two separate promissory notes signed individually and/or collectively by the Defendants as Makers.

11. Defendant Thomas E. Eggers is a resident of Cocoa Beach, Florida located in Brevard County. He is a long-time family friend and former “lake house” neighbor to Plaintiff’s Brian and Kevin Gaughan.

12. On or about December of 2012 Defendants Eggers and Hebson entered into a Promissory Note as Co-Makers promising to repay, jointly and severally, Kevin Gaughan, for the funds received from him for the purpose of making real estate

investments in Illinois which included among other properties a building located at 2754-56 Cermak Road, Chicago, Illinois.

13. The promissory notes are in writing, are signed by Makers, bear interest, have default provisions that require Makers to pay all costs of collection including reasonable attorney fees and costs.

14. That on or about July 28, 2016 a written "notice of demand for payment" under the two promissory notes was served on the Defendants setting forth the amounts due from each of them and/or the sum due from them collectively, and making a demand for payment on or before August 12, 2016 with said notices being sent to them both via FedEx courier and via email.

15. Defendants individually and collectively have failed and refused to make any payments on the aforesaid promissory notes.

**COUNT 1**

**BREACH OF CONTRACT: ACTION ON PROMISSORY NOTE DATED DECEMBER 12, 2012**

NOW COMES **BRIAN GAUGHAN AND KEVIN GAUGHAN** and for Count I of the Complaint for Breach of Contract against **Defendants Thomas E. Eggers and Colin O. Hebson** and in support thereof allege as follows:

1-15. Plaintiff's reallege paragraph 1-15 as paragraphs 1-15 of this Count.

16. That on or about December 12, 2012 **Defendants Thomas E. Eggers and Colin O. Hebson** entered into a Promissory Note as Co-Makers promising to repay the sum of $400,000.00 to **Kevin Gaughan**, plus interest, and in addition

they promised to pay an investment return to Kevin of 20% of the amount loaned and all said sums were due and payable before the end of December 2013. See Exhibit A which is attached hereto and made a part hereof.

17. **Plaintiff Kevin Gaughan** dutifully wire transferred the principle sum of the loan of $400,000.00 to Defendants in November, 2012.

18. The Defendants promised to make these payments "jointly and severally" making each of them individually and jointly responsible for full payment to Plaintiffs of all sums due.

19. The Promissory Note included a waiver of diligence, presentment, protest and demand, dishonor and nonpayment of the Note such that the delay in pursing this claim is not a waiver of any of Plaintiffs' rights to collect on this obligation.

20. The Promissory Note provides that in the event of default Makers promise to pay all costs and expenses of enforcement and collection including "reasonable attorneys' fees and costs". Plaintiffs anticipate those reasonable costs of collection and attorney fees will be $100,000.00, or more and therefore seek recovery of these fees and costs or such other sum as the Court deems just and proper.

21. The contract by its own terms is stated to be a contract on behalf of two Illinois residents, Defendants Eggers and Hebson, and to be governed by Illinois law

WHEREFORE, PLAINTIFFS **BRIAN GAUGHAN AND KEVIN GAUGHAN** seeks the following relief:

A. A Judgment in the amount of four hundred thousand dollars ($400,000.00), the principle sum owed, plus interest at the rate of 5% per annum since December 12, 2012 until paid, plus the promised investment return of 20% of the amount loaned, eighty thousand dollars ($80,000.00), plus interest on this sum.

B. They also seek the sum of $100,000.00, or such other sum as is actually due and owning as the actual costs of collection including reasonable attorneys' fees or such fees as awarded by the Court as fair and reasonable attorneys' fees and costs.

C. For a temporary injunction preventing Eggers and Hebson from selling or transferring any of the real estate associated with the loan, including the property located at 2754-56 Cermak Road, Chicago, Illinois. from Plaintiffs or for which Plaintiffs funds were used for real estate investment until the Court or the parties can appoint an escrow agent to hold the proceeds of any such sales of real estate for the benefit of the parties and subject to further Orders of this Court.

D. A permanent injunction preventing Defendants from selling any properties associated with the loans made by Plaintiffs including the property located at 2754-56 Cermak Road, Chicago, Illinois, until they have structured any such sales to account and pay for all sums due the Plaintiffs under this promissory note.

E. For an award of attorney fees, costs and interest on the damages sustained as provided for in the Note.

F. For such other and further relief as the Court shall deem just and proper.

## COUNT 2

## BREACH OF CONTRACT
## AS TO
## PROMISSORY NOTE DATED DECEMBER 3, 2011

Now Comes **Plaintiffs Brian Gaughan and Kevin Gaughan** and for their Count 2 of the Complaint for Breach of Contract against **Defendant Thomas E. Eggers** state in support thereof and allege as follows:

1-15. Plaintiffs reallege paragraphs 1 through 15 of its general allegations as paragraph 1-15 of this Count against Defendant **Thomas E. Eggers** for Breach of Contract.

22. That on or about December 3, 2011, **Defendant Thomas E. Eggers** executed as Maker a promissory note in the sum of thirty five thousand dollars ($35,000.00) payable to **Kevin Gaughan** promising to pay **Plaintiff Kevin Gaughan** the principle sum plus interest at the rate of 5% per annum. See Exhibit B which is attached hereto and made a part hereof.

23. That the aforesaid promissory note also had a “default rate” of an additional 2% in addition to the “regular” interest rate of 5% that would be due if the loan was not paid when due.

24. That the aforesaid note makes reference to a “Security Agreement” dated December 3, 2011 and that so long as the loan remains outstanding that there shall be no sale, transfer, assignment or conveyance of any of the assets pledged to secure the payment of the note.

25. The aforesaid promissory note also includes a provision that payee is entitled to recover all costs of collection including reasonable attorney’s fees.

26. **Kevin Gaughan** dutifully transmitted the funds requested under the promissory note to Defendant **Thomas E. Eggers** who has failed and/or refused to make any payment therefore.

WHEREFORE, **Plaintiffs Brian Gaughan and Kevin Gaughan** seek the following relief:

A. A judgment in the sum of $35,000.00 for the outstanding principle of the loan made under this promissory note.

B. For interest of five percent (5%) per annum since December 11, 2011 and an additional two percent (2%) per annum interest since the default date for all sums due and owning under the aforesaid promissory note.

C. For attorneys' fees and costs in the sum of $15,000.00, or such other sum as the Court deems just and proper, for enforcement and collection of this promissory note.

D. For such other and further relief as the Court shall deem just and proper.

**COUNT 3**
**THOMAS E. EGGERS AND COLIN O. HEBSON**
**FOR**
**BREACH OF FIDUCIARY DUTY**

Now Comes Plaintiffs **Brian Gaughan and Kevin Gaughan** and for its Count 3 for Breach of Fiduciary Duty against **Defendants Thomas E. Eggers and Colin O. Hebson** and in support thereof alleges as follows:

1-26 Plaintiffs reallege paragraphs 1-26 above as its allegations in support of its claim for Breach of Fiduciary Duty against Defendants Eggers and Hebson.

27. That on information and belief, Defendants Eggers and Hebson were engaged in a joint venture or partnership to invest in real estate in the State of Illinois and elsewhere. That in pursuit of this investment objective they obtained loans from Plaintiff Kevin Gaughan in the form of a promissory note plus a "promised" return of capital at the rate of 20% plus the payment of interest on said loans of 5%.

28. That the defendants had a fiduciary duty to make timely payments of loan principle, interest and investment returns to Plaintiff, to take all necessary steps to protect Plaintiffs investment and loan proceeds and to take all steps necessary to mitigate any loss and to promptly communicate the status of said investment and loan to Plaintiffs and to take all other steps necessary for the benefit of Plaintiff Kevin Gaughan.

29. That Defendants breached their fiduciary duty to Plaintiff Kevin Gaughan by failing to take these steps to make timely payment, and the steps taken by Defendants to reinvest said funds, or to pay themselves draws and distributions, if any, from the results of their investment and other wrongful conduct to be proven at trial.

WHEREFORE, PLAINTIFFS **BRIAN GAUGHAN AND KEVIN GAUGHAN** seeks the following relief:

A. A Judgment in the sum of $500,000.00 or such other sum as shall then be due and owing, as compensatory damages for said breach of fiduciary duty.

B. For treble damages as punitive damages in the sum of $1,500,000.00 for Defendants intentional and wrongful misconduct and breach of fiduciary duty.

C. For the imposition of a constructive trust on all of the assets of defendants to pay any such judgment.

D. For a temporary injunction preventing **Defendant Eggers and Defendant Hebson** from selling or transferring any of the real estate associated with the loan from Plaintiffs, including the property located at 2754-56 Cermak Road, Chicago, Illinois, or for which Plaintiffs funds were used for real estate investment until the Court or the parties can appoint an escrow agent to hold the proceeds of any such sales of real estate for the benefit of the parties and further Orders of this Court.

E. A permanent injunction preventing Defendants from selling any real estate associated with the loans including the property located at 2754-56 Cermak Road, Chicago, Illinois until they have structured any such sales to account and pay for all sums due the Plaintiffs under this promissory note.

F. For an award of attorney fees, costs and interest on the damages sustained;

G. For such other and further relief as the Court shall deem just and proper.

**COUNT 4**
**UNJUST ENRICHMENT**

Now Comes Plaintiffs **Brian Gaughan** and **Kevin Gaughan** and for its Count 4 for Unjust Enrichment against Defendants **Thomas E. Eggers** and **Colin O. Hebson** and allege in support thereof as follows:

1-29. Plaintiffs reallege paragraphs 1-29 above as its allegations in support of Plaintiffs'' claim for Unjust Enrichment.

30. That on information and belief, Defendants shared the sum of $435,000.00 received from Plaintiff **Kevin Gaughan** and used said sum to promote their personal joint venture or partnership in real estate investments in Illinois.

31. That on information and belief the Defendants invested Plaintiff **Kevin Gaughan's** funds in risky investments and had no intention of repaying Plaintiffs or recklessly failed to appreciate the risk of the investment they made with said funds and failed to disclose that risk or their intentions with respect to said funds or to account and report to Plaintiff **Kevin Gaughan**.

32. That the wrongful acts of Defendants described above unjustly enriched Defendants to the damage and detriment of Plaintiffs in the sum of $515,000.00,

WHEREFORE, Plaintiffs **Brian Gaughan** and **Kevin Gaughan** seek the following relief from the Defendants:

A. For an award of compensatory damages in the sum of $515,000.00

B. For an award of Punitive Damages in the sum of $1.5 million.

C. That a constructive trust be imposed upon the assets of Defendants in order to satisfy and pay the judgment awarded as a result of Defendants wrongful conduct.

D. For an award of attorney fees, costs and interest on the damages sustained;

E. For such other and further relief as the Court shall deem just and proper.

**PLAINTIFF HEREBY MAKES A DEMAND FOR A JURY TRIAL AS TO ALL ISSUES**

**Brian Gaughan and Kevin Gaughan, Plaintiffs**

By their attorneys:

Date: December 13, 2016

/s/ David C. McLauchlan
Signature of Counsel

David C. McLauchlan
Member of Trial Bar
Illinois Attorney Registration No. 1855166
Attorney for Plaintiffs, **Brian Gaughan** and **Kevin Gaughan**
The McLauchlan Law Group LLC
401 N. Michigan Avenue, Suite 1200
Chicago, Illinois 60611
Ph.: 312-445-8544
Fax: 312-445-8540
Cell: 312-550-1010
david@mclauchlanlawgroup.com