# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| BRIAN GAUGHAN and KEVIN GAUGHAN, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> THOMAS EGGERS and COLIN O. HEBSON, ) <br> ) <br> Defendants. ) | Case No. 16 C 11352 <br><br> Judge Jorge L. Alonso |

## MEMORANDUM OPINION AND ORDER

Plaintiffs Brian Gaughan and Kevin Gaughan move for partial summary judgment against defendants Thomas Eggers[1] and Colin O. Hebson on their claim for breach of contract of the Promissory Note, dated December 12, 2012 (Count I). For the reasons set forth below, the motion [106] is granted in part and denied in part.

## BACKGROUND

Unless otherwise noted, the following facts are undisputed. In November of 2012, plaintiff Kevin Gaughan loaned $400,000 to defendants Thomas Eggers and Colin Hebson by wiring money to accounts controlled by Eggers and Hebson. Eggers and Hebson then prepared and signed a Promissory Note, dated December 12, 2012, to document the $400,000 loan, with the principal sum due jointly and severally from defendants. While the Promissory Note contains a provision for the payment of interest on the loan, the amount of the interest rate was left blank. Likewise, while the maturity date of the loan was listed as December of 2013, the exact date was left blank.

In 2014, Hebson paid $2,500 of the principal to plaintiffs, reducing the principal balance to $397,500. Plaintiffs have made several demands for repayment of the loan, but defendants have only repaid $2,500 of the principal to plaintiffs. The Promissory Note contains a provision allowing plaintiffs to recover their attorney's fees and costs for bringing any action to recover on the Promissory Note. While these facts are undisputed, the parties dispute the interest rate of the loan and the date the loan became due and payable.

## STANDARD

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R.

---

[1] Defendant Eggers was previously defaulted on Count I. Accordingly, the motion for partial summary judgment against him is denied as moot.

Civ. P. 56(a). In considering such a motion, the court construes the evidence and all inferences that reasonably can be drawn therefrom in the light most favorable to the nonmoving party. *See Kvapil v. Chippewa Cty.*, 752 F.3d 708, 712 (7th Cir. 2014). "Summary judgment should be denied if the dispute is 'genuine': 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Talanda v. KFC Nat'l Mgmt. Co.*, 140 F.3d 1090, 1095 (7th Cir. 1998) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)); *see also Bunn v. Khoury Enters., Inc.*, 753 F.3d 676, 681-82 (7th Cir. 2014). The court will enter summary judgment against a party who does not "come forward with evidence that would reasonably permit the finder of fact to find in [its] favor on a material question." *Modrowski v. Pigatto*, 712 F.3d 1166, 1167 (7th Cir. 2013). It is well settled that at the summary-judgment stage, the court does not make credibility determinations, weigh evidence, or decide which inferences to draw from the facts; those are jury functions. *See Gibbs v. Lomas*, 755 F.3d 529, 536 (7th Cir. 2014).

**Local Rule 56.1 Requirements**

Local Rule 56.1 supplements Federal Rule of Civil Procedure 56; its purpose "is to make the summary judgment process less burdensome on district courts, by requiring the parties to nail down the relevant facts and the way they propose to support them."[2] *Sojka v. Bovis Lend Lease, Inc.*, 686 F.3d 394, 397 (7th Cir. 2012). Rule 56.1(a)(3) requires the moving party to provide "a statement of material facts as to which the moving party contends there is no genuine issue." *Cracco v. Vitran Exp., Inc.*, 559 F.3d 625, 632 (7th Cir. 2009). Each paragraph of the statement must contain specific references to supporting materials in the record that are relied upon to support the facts set forth in that paragraph. N.D. Ill. L.R. 56.1(a). "For litigants appearing in the Northern District of Illinois, the Rule 56.1 statement is a critical, and required, component of a litigant's response to a motion for summary judgment." *Sojka*, 686 F.3d at 398. District courts may rigorously enforce compliance with Rule 56.1. *See, e.g., Stevo v. Frasor*, 662 F.3d 880, 886–87 (7th Cir. 2011) ("Because of the high volume of summary judgment motions and the benefits of clear presentation of relevant evidence and law, we have repeatedly held that district judges are entitled to insist on strict compliance with local rules designed to promote the clarity of summary judgment filings"). The facts in plaintiffs' Local Rule 56.1(a)(3) statement are deemed admitted to the extent they are supported by the record and not controverted by defendants. *See* N.D. Ill. L.R. 56.1(b)(3)(C). The Court will not consider any facts that contain legal arguments, conclusions, or speculation.

---

[2] The briefing in this case has been lackluster. For example, rather than attaching any exhibits to their motion for summary judgment, plaintiffs created a table of contents for the exhibits, which required the Court to scour the docket to find the necessary documents to support plaintiffs' LR 56.1 statement. Several of plaintiffs' statement of facts are not supported with any evidence, and some of plaintiffs' exhibits are missing entirely from the record. The written submissions from both parties lack ample legal citation and support. The minimal case law that is cited is often not on point, and the parties' arguments are not well-developed. Additionally, the parties did not submit courtesy copies of their filings as required by the Court's standing order.

# ANALYSIS

Plaintiffs move for partial summary judgment on their claims of breach of contract of the Promissory Note. To assert a claim for breach of contract in Illinois, a plaintiff must show "(1) offer and acceptance; (2) consideration; (3) definite and certain terms; (4) performance by the plaintiff of all required conditions; (3) breach; and (4) damages." *Ass'n Benefit Serv., Inc. v. Caremark RX, Inc.*, 493 F.3d 847, 849 (7th Cir. 2007). "'The question of the existence of a contract is a matter of law for determination by the court.'" *Id*.

As an initial matter, plaintiffs are unable to meet their burden with respect to plaintiff Brian Gaughan. Brian Gaughan did not loan the money to defendants (Kevin loaned the money), and Brian's name is not on the Note (only Kevin's name is on the Note). While plaintiffs say that Brian Gaughan may collect on the Note because he entered into an assignment with Kevin Gaughan, they offer no evidence to support this contention.[3] Accordingly, plaintiff Brian Gaughan has not met his burden here, and the motion for summary judgment as to plaintiff Brian Gaughan is denied.

As for plaintiff Kevin Gaughan, Kevin has provided the Court with evidence showing that he loaned defendants $400,000, defendants executed a Promissory Note to document the loan, Kevin has made several demands for payment, and $397,500 remains outstanding. Defendant Hebson admits these facts but challenges the enforceability of the Note, arguing that the Note is not enforceable because it contains terms and obligations beyond the repayment of the principal loan amount, such as attorneys' fees, and because material terms of the note are missing, including the interest rate and the principal amount due date.

A contract will be enforced if it is ascertainable as to what each party agreed to do. *Wigod v. Wells Fargo Bank, N.A.*, 673 F.3d 547, 564 (7th Cir. 2012). Whether the parties entered into a binding contract depends on whether the parties' writing "include[ed] all terms essential to the deal and manifest[ed] the parties' mutual intent to be bound by those terms." *Ocean Atl. Dev. Corp. v. Aurora Christian Sch., Inc.*, 322 F.3d 983, 996 (7th Cir. 2003). "'A contract may be enforced even though some contract terms may be missing or left to be agreed upon, but if the essential terms are so uncertain that there is no basis for deciding whether the agreement has been kept or broken, there is no contract.'" *Wigod*, 673 F.3d at 564 (citation omitted). "Indefiniteness of a material terms renders a contract unenforceable when the court cannot reasonably supply the missing term though contraction interpretation, for example, by referencing an agreed upon formulas." *Citadel Grp. Ltd. v. Washington Reg'l Med.l Ctr.*, 692 F.3d 580, 590 (7th Cir. 2012).

---

[3] When filing their motion for summary judgment, plaintiffs were required to file a statement of material facts containing specific references to supporting materials in the record that were relied upon to support the facts set forth in that paragraph. *See* N.D. Ill. L.R. 56.1(a). In their statement of material facts, plaintiffs state that "[o]n or about May 27, 2016 Brian Gaughan entered into an Assignment Agreement with his father, Kevin, in which Brian was granted certain rights by Kevin and empowered to 'collect all sums due' on the promissory notes made by the defendants, individually and/or collectively, as set forth herein." (Dkt. 111, ¶ 8.) However, plaintiffs do not point to any evidence in the record to support this contention.

Any ambiguous language is construed most strongly against the maker. *Cathay Bank v. Accetturo*, 66 N.E.3d 467, 478 (Ill. App. 2016).

The evidence shows that the parties entered into an enforceable contract. In November of 2012, Kevin loaned $400,000 to defendants. The following month, defendants drafted a Promissory Note to memorialize the loan. While some terms are missing from the Promissory Note, the terms are not so material as to render the contract between the parties unenforceable.

Kevin says that he is entitled to an award of interest on the loan. He seeks 8% interest per annum for the period the loan balance has been outstanding. He says that this rate is reasonable, and he points to other loans made by defendants with a 5% interest rate. However, Kevin offers no evidence to show that he is entitled to any *interest* on the loan at issue. While the Promissory Note contains a provision for interest, it was left blank. Additionally, and more notably, Kevin does not say that defendants promised him interest on the loan. Instead, he says that defendants orally promised him a 20% *return* on his investment. Hebson, for his part, disputes Kevin's claim and says that he does not recall discussing specific returns with plaintiffs. Based on this, the Court finds that Kevin has not put forth sufficient evidence to show that he is entitled to *interest* on the Promissory Note.

As for the maturity date of the loan, the Promissory Notes provides that "all unpaid principal and interest shall in all events be paid on or before December ___, 2013 (the "Maturity Date)." (Dkt. 98-1.) Plaintiffs say that the loan is due, and Hebson does not dispute this. Plaintiffs also say that it is reasonable to construe the maturity date as December 31, 2013. The Court agrees. Defendants drafted the Promissory Note and intended for the Note to mature in December of 2013. Based on this, the Court finds that the Promissory Note is due.

The Promissory Note also provides for attorneys' fees. Paragraph 7 provides, "[i]f any Event of Default occurs, Maker promises to pay all costs and expenses of enforcement, and collection, including but not limited to reasonable attorneys' fees and costs. . ." (Dkt. 98-1.) Hebson says that this paragraph renders the Promissory Note unenforceable. In making this argument, Hebson provides the Court with no authority, and the Court does not see the reasoning in Hebson's argument. Accordingly, the Court finds that plaintiffs are entitled to reasonable attorneys' fees and costs as provided for in the Promissory Note.

## CONCLUSION

For the reasons set forth above, the Court grants in part and denies in part plaintiffs' motion for partial summary judgment. Status remains set for December 19, 2018 at 9:30 a.m. At that time, the parties shall be prepared to discuss the next steps in this case. The parties shall be prepared to discuss the next steps in this case as well as the prove-up of damages and fees in accordance with this decision and the relevant provisions of the Promissory Note.

Date: 12/18/2018

Jorge L. Alonso
United States District Judge